**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4218**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

LORENZO PLEDGER,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, Chief District Judge.  (2:12-cr-00023-D-1)

Submitted:  December 22, 2014        Decided:  February 6, 2015

Before DUNCAN, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Seth A. Neyhart, Chapel Hill, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Pledger appeals the 216-month sentence imposed following his guilty plea to one count of conspiracy to possess with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 (2012). Before this court, Pledger asserts that the district court procedurally erred by (1) departing upward under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3, p.s. (2013); and (2) granting a downward departure under USSG § 5K1.1 but failing to state the extent of the departure or to depart below Pledger's guidelines range. Pledger further asserts that these errors necessitate remanding for resentencing because his sentence is substantively unreasonable under the 18 U.S.C. § 3553(a) (2012) factors. We disagree that resentencing is necessary, and affirm Pledger's sentence.

We review a sentence for reasonableness applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We first review the sentence for "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the § 3553(a) factors, and inadequate explanation of the sentence imposed. Id. at 51. Any preserved claim of procedural error is subject to harmlessness review. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). "A Guidelines error is

2

considered harmless if we determine that (1) the district court would have reached the same result even if it had decided the guidelines issue the other way; and (2) the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 305, 384 (2014).

Where the district court procedurally errs in its Guidelines calculations but announces an alternative basis under the § 3553(a) factors for the sentence it imposed, we must give "due deference" to the district court's § 3553(a) analysis. Id. at 383. "When reviewing the substantive reasonableness of a sentence, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." Id. (alteration and internal quotation marks omitted).

Under USSG § 4A1.3(a)(1), a district court may depart upward from a defendant's Guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Where, as here, a defendant's criminal history category is VI, "the court should

structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B); see also United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007). To satisfy this requirement, a district court, however, "need not . . . go through a ritualistic exercise in which it mechanically discusses each criminal history category or offense level it rejects en route to the category or offense level that it selects." Dalton, 477 F.3d at 199 (alterations and internal quotation marks omitted).

First, Pledger argues that the district court failed to apply an incremental approach when departing upward. The record demonstrates, however, that the district court clearly noted its responsibility under USSG § 4A1.3(a)(4)(B) and Dalton to employ an incremental approach when departing. After mentioning the possibility of raising Pledger's offense level to level thirty or thirty-one, the district court ultimately determined that level thirty-two appropriately accounted for Pledger's under-represented criminal history. Finally, the district court sufficiently justified the extent of its departure by citing the violent nature of Pledger's prior offenses, the fact that Pledger did not take advantage of the repeated leniency he received when sentenced in state court, and

4

the high likelihood that Pledger would reoffend. See USSG § 4A1.3 cmt. background. Accordingly, the district court did not procedurally err in determining the extent of its departure.

Second, Pledger argues that under USSG § 1B1.1(a)(6), the district court erred by departing upward pursuant to USSG § 4A1.3(a) after adjusting Pledger's total offense level and Guidelines range based on Pledger's career offender status under USSG § 4B1.1. However, we have approved of a district court's ability to depart under USSG § 4A1.3 after adjusting a defendant's Guidelines range in accordance with USSG § 4B1.1. See United States v. Munn, 595 F.3d 183, 188-89 n.8 (4th Cir. 2010) ("[A] sentencing court, after finding that the Career Offender Provision overrepresented a defendant's criminal history, was free to depart [under USSG § 4A1.3] to a lower level, a lower criminal history category, or both."). In fact, as the extent of a departure under USSG § 4A1.3 may be limited by a defendant's status as a career offender, see USSG § 4A1.3(b)(3)(A), it would be impossible to accurately depart under USSG § 4A1.3 prior to determining whether a defendant is a career offender for purposes of USSG § 4B1.1. Accordingly, the district court did not procedurally err by departing under USSG § 4A1.3(a) after adjusting Pledger's offense level pursuant to USSG § 4B1.1.

Whether the district court procedurally erred when departing under USSG § 5K1.1 is a closer question. But even assuming procedural error, we conclude that any such error was harmless. See United States v. Hargrove, 701 F.3d 156, 161-62 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123-24 (4th Cir. 2011). Where a sentencing court "expressly state[s] in a separate and particular explanation that it would have reached the same result, specifically citing to Savillon-Matute, Hargrove, and its review of the § 3553(a) factors," it is apparent that the court would have imposed the same sentence absent the alleged error. Gomez-Jimenez, 750 F.3d at 383. Here, the district court unquestionably announced an alternative basis for its sentence pursuant to Savillon-Matute and Hargrove, stating that even if it erred when calculating Pledger's Guidelines range, it would have imposed a 216-month sentence under the § 3553(a) factors. Therefore, the first prong of the harmless error test is satisfied and remand is only appropriate if the sentence imposed is substantively unreasonable.

Pledger contends that his sentence is substantively unreasonable because the district court over-emphasized his criminal history in comparison to the other § 3553(a) factors. We disagree.

"[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a)

6

factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). The district court acknowledged that Pledger was not a "huge dealer" but placed more weight on the fact that Pledger was "a relentless dealer" who "engaged, again, in a serious criminal offense," involving "very harmful substances." In imposing its sentence, the district court also relied on the need to protect society from Pledger because he was "a very violent, dangerous criminal" who would reoffend. Finally, the court noted Pledger's lack of respect for the law evidenced by Pledger's statement to the court.

The mere fact that the district court weighed Pledger's likelihood of recidivism and the need to protect the public more heavily than other § 3553(a) factors does not render the sentence substantively unreasonable. See United States v. Rivera-Santana, 668 F.3d 95, 104-05 (4th Cir. 2012). The district court did not abuse its discretion by imposing a 216-month sentence under the § 3553(a) factors where, after considering all the factors, it decided to focus on Pledger's likelihood of recidivism and the need to protect the public given Pledger's extensive criminal record, featuring twenty-four years of serious offenses.

Because Pledger's 216-month sentence is substantively reasonable under the § 3553(a) factors, the second prong of the harmless error test is satisfied. Accordingly, we affirm

Pledger's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED